1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF DEITRICH and JESSICA FARRELL individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>        v.<br><br>AUDIBLE, INC.,<br><br>*Defendant*. | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>JURY DEMAND |

1    Plaintiffs Jeff Deitrich and Jessica Farrell ("Plaintiffs"), by and through their attorneys,

2    brings this action on behalf of themselves and all others similarly situated.  Plaintiffs make the

3    following allegations pursuant to the investigation of their counsel and based upon information and

4    belief, except as to allegations specifically pertaining to themselves and their counsel, which are

5    based on personal knowledge.

6    <u>**NATURE OF THE ACTION**</u>

7        1.    This is a class action suit brought against Audible, Inc. ("Defendant") for violating

8    the California Digital Property Rights Transparency Law, California Business & Professions Code

9    § 17500.6. Audible, Inc., ("Defendant" or "Audible") is "the leading producer and provider of

10   audio storytelling,"[1]  and sells a variety of its audiobooks through its website, audible.com. On its

11   website, Defendant tells consumers the option to "buy" digital copies of audiobooks they can

12   purchase physical copies of. But when consumers "buy" digital versions of audiobooks through

13   Audible's website, they do not obtain the full bundle of sticks of rights we traditionally think of as

14   owning property.

15       2.    When consumers "buy" a physical book from a bookstore, they receive an

16   unrestricted ownership interest over it. They can choose to read it today; they can choose to read it

17   tomorrow. They can keep it for themselves; they can loan it to their friend. They can place that

18   book on their bookshelf, and rest assured that if they open the book two years later, the words on

19   the page will still be there. The same cannot be said when consumers "buy" an audiobook from

20   Audible. Instead, in many cases, they receive "a limited, non-exclusive, non-transferable, non-

21   sublicensable license" to access the digital audiobook, which is maintained at Defendant's sole

22   discretion.[2] If Audible loses the rights to the audiobook, it will *disappear* from the consumer's

23   digital library.

24       3.    California law prohibits this kind of bait and switch. The California legislature

25   recently enacted digital property rights transparency law that became effective on January 1, 2025.

26   

27   [1] https://www.audible.com/about/our-company

28   [2] https://www.amazon.com/gp/help/customer/display.html/?nodeId=GLSBYFE9MGKKQXXM

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED - 1

Cal. Bus. & Prof. Code § 17500.6. The law declares that "it shall be unlawful for a seller of a digital good to advertise or offer for sale a digital good to a purchaser with the terms 'buy,' 'purchase,' or any other term which a reasonable person would understand to **confer an unrestricted ownership interest in the digital good**… unless" one of two conditions is met. Cal. Bus. & Prof. Code § 17500.6(b)(1)(emphasis added). The seller needs to either (A) obtain "**an affirmative acknowledgment from the purchaser** indicating… [t]hat the purchaser is receiving a license to access the digital good [and that]... **access to the digital good may be unilaterally revoked by the seller**," or (B), give the consumers "a clear and conspicuous statement that … [s]tates in plain language that 'buying' or 'purchasing' the digital good is a license." Cal. Bus. & Prof. Code § 17500.6(b)(1)(A)-(B)(emphasis added). Defendant violated this law by advertising to consumers that they could "buy," "purchase," and "Add to Cart," audiobooks on its website without satisfying either of these two conditions.

4.    Accordingly, Plaintiffs bring claims against Defendant individually and on behalf of a class of all others similarly situated for a (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (2) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; and (3) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*

## PARTIES

5.    Plaintiff Jeff Deitrich is a citizen of California, residing in Big Bear City California. Plaintiff purchased a digital copy of the audiobook *Untouchable: The Strange Life and Tragic Death of Michael Jackson*, authored by Randall Sullivan and Narrated by Mel Foster on Defendant's website on July 14, 2025. Prior to making this purchase, he encountered a purchase flow substantially similar to the one depicted in this complaint.

6.    Plaintiff Jessica Farrell is a citizen of California, residing in Lake View Terrace, California. Plaintiff purchased a digital copy of the audiobook *Punishment-Free Parenting*, authored and Narrated by Jon Fogel on Defendant's website in May 20, 2025. Prior to making this

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

purchase, she encountered a purchase flow substantially similar to the one depicted in this complaint.

7. Audible Inc. is incorporated in the State of Delaware and has a principal place of business in Newark, New Jersey. Defendant owns and operates the digital audiobook catalog available nationwide and found at audible.com.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class action where the aggregate claims for all members of the proposed class are in excess of $5,000,000.00, exclusive of interests and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different from Defendant.

9. This Court has personal jurisdiction over the parties because both parties consent to this Court's jurisdiction. Plaintiffs consent by filing suit here, and Defendant consents because the forum selection clause it contends applies designates the federal courts of Kings County, Washington. *See Crowell v. Audible, Inc*., Case No. 2:25-cv-606-KKE, ECF No. 33 at 4 (W.D. Wash. May 7, 2025).

10. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and Defendant maintains venue is proper here. *See Crowell v. Audible, Inc*., Case No. 2:25-cv-606-KKE, ECF No. 33 at 4 (W.D. Wash. May 7, 2025).

## FACTUAL ALLEGATIONS

### California's Digital Property Rights Transparency Law

11. In the old days, when consumers "bought" something, they could reasonably assume they would obtain the full 'bundle of sticks' we commonly know as property ownership.[3]

---

[3] "The 'bundle of sticks' metaphor [is] often used to describe property, with each stick representing a right, privilege, power or immunity." *Pac. Gas & Elec. Co. v. Hart High-Voltage Apparatus Repair & Testing Co.*, 18 Cal. App. 5th 415, 427 (2017).

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

In other words, if a consumer walked into a brick-and-mortar bookstore and "bought" a physical book, they knew it was theirs to keep. Consumers could rest reasonably assured that they could place the book on their shelf and they could retrieve it whenever they wanted. If after a few years, they wanted to read an old book they purchased, they could open the book, and the words on the page would still be there.

12.    However, nowadays, with digital goods, that is no longer a given. Many digital good providers that "sell" digital goods do not actually transfer full 'bundle of sticks.' Instead, they only grant **licenses** to access the digital content, which may or may not be revoked.

13.    This misunderstanding came to a fore in late 2023 and early 2024, when millions of gamers discovered that their game *The Crew* had been shut down.[4] Ubisoft, a French video game publisher, delisted (removed from digital storefronts) and subsequently shut down the servers (intentionally stopped the operation of the computer systems that host online services or applications, effectively making them unavailable) of *The Crew*.[5] Upset by the news of the video game's server being shut down, consumers and users of the game to start a movement named "Stop Killing Games," in an effort to "protect buyers against having products destroyed by the company that sold them."[6] This caught the attention of the California legislature, which was concerned about "consumers losing access to content."[7]

14.    The State of California addressed this exact concern by passing the Digital Property Rights Transparency Law, which ensures that "consumers clearly know and understand the nature

---

[4] Kotaku, *New Law Will Force Companies to Admit You Don't Actually Own Digital Games*, Zack Zwiezen (Sept. 27, 2024), https://kotaku.com/california-ab-2426-digital-games-the-crew-new-law-psn-1851659641.

[5] https://www.eurogamer.net/ubisoft-delists-the-crew-with-servers-shutting-next-year

[6] https://www.eurogamer.net/stop-killing-games-aims-to-mount-political-and-legal-challenges-to-games-going-offline

[7] The Game File, New Law Will Change How Digital Games Are Sold, At Least In California, Stephen Totilo (Sept. 26, 2024), https://www.gamefile.news/p/california-ab2426-crew-call-of-duty?utm_source=post-email-title&publication_id=66124&post_id=149460139&utm_campaign=email-post-title&isFreemail=true&r=1rwbaf&triedRedirect=true&utm_medium=email.

---

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

of their transactions…includ[ing] the reality that they may not have genuine ownership of their purchase." California Bill Comments, A.B. 2426 Assem., 8/23/2024.

15.     In an effort to protect consumers and require companies to inform consumers that they are purchasing a license, not the digital good itself on online storefronts, the California legislature recently passed a law "requiring sellers of digital goods to provide an explicit disclosure for each purchase of a digital good informing the consumer of the true nature of their purchase, ensuring that consumers have a full understanding of exactly what they have bought." California Bill Analysis, A.B. 2426 Assem., 8/23/2024.

16.     The California legislature recognized that "[a]s retailers continue to pivot away from selling physical media, the need for additional consumer protections on the purchase of digital goods becomes more important." *Id*. "When a consumer purchases an online digital good like a movie or TV show, they receive the ability to view the media at their leisure. *Id*. Often times, the consumer believes that their purchase has given them permanent ownership of that digital good, similar to how the purchase of movie on a DVD or a paperback book provides access in perpetuity. *Id*. In reality though, the consumer has only purchased a license, which, according to the seller's terms and conditions, the seller can revoke at any point." *Id*.

17.     The Law provides that:

    (1) It shall be unlawful for a seller of a digital good to advertise or offer for sale a digital good to a purchaser with the terms "buy," "purchase," or any other term which a reasonable person would understand to confer an unrestricted ownership interest in the digital good, or alongside an option for a time-limited rental, unless either of the following occur:

    (A) The seller receives at the time of each transaction an affirmative acknowledgment from the purchaser indicating all of the following:
        (i) That the purchaser is receiving a license to access the digital good.
        (ii) A complete list of restrictions and conditions of the license.
        (iii) That access to the digital good may be unilaterally revoked by the seller if they no longer hold a right to the digital good, if applicable.
    (B) The seller provides to the consumer before executing each transaction a clear and conspicuous statement that does both of the following:

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

(i) States in plain language that "buying" or "purchasing" the
digital good is a license.
(ii) Includes a hyperlink, QR code, or similar method to
access the terms and conditions that provide full details on the
license.

Cal. Bus. & Prof. Code § 17500.6(b)(1).

18.     Under this law, "'digital good' means a digital audiovisual work, digital audio work,
digital book, digital code, or digital application or game, whether electronically or digitally
delivered or accessed." Cal. Bus. & Prof. Code § 17500.6 (a)(7).

19.     "These digital goods are often sold at almost the same price points to the physical
copies of a digital good, like a DVD or a paperback book that has given them permanent ownership
of that digital good." California Bill Comments, A.B. 2426 Assem., 8/23/2024. The reality is, "the
consumer has only purchased a license, which, according to the seller's terms and conditions, the
seller can revoke at any point." *Id.*

20.     This law expands on the restrictions set forth in California's False Advertisement
Laws that make it unlawful for any person doing business in California to make false or misleading
advertising claims. It makes it unlawful to "to advertise or offer for sale a digital good that a
reasonable person would understand to cover an unrestricted ownership in the digital good." *Id.*

**Audible Misrepresents the Nature of the Consumer's Ownership Rights of Digital Goods
During The Purchase Process**

21.     Defendant's website, Audible.com, is a digital storefront that gives consumers the
option to purchase and download their digital audiobook copies. Audible advertises a variety of
audiobooks on its website and tells consumers they can "[e]xplore new worlds" and "there are
audiobooks for everyone." *See* Figure 1a and 1b next page.

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396





**Figure 1a and 1b**

22.    If a consumer clicks on a particular audiobook's listing, such as Figure 2 below, the consumer is taken to the audiobook's listing page, which allows consumers to "Buy." Nowhere on this page does Defendant indicate that a digital version of the audiobook is fundamentally different than the physical copy. *See* Figure 2 below.

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396





**Figure 2**

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

23.    After adding a digital audiobook to cart, if the consumer is logged into their amazon account, their payment info is automatically populated. If the consumer is not, he or she is asked "add payment method." Nowhere on this pre-payment page is there an affirmative acknowledgement that the consumer understands that he or she is receiving a license, or a clear and conspicuous notice that the thing they are purchasing is a revocable license to access the digital good.





**Figure 3**

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

1       24.     After inputting their card info, a consumer is taken to the final page before the

2  execution of the transaction. A consumer can click " confirm purchase" to complete the

3  transaction. Nowhere on this page is there an affirmative acknowledgement that the consumer

4  understands that he or she is receiving a license, or a clear and conspicuous notice that the thing

5  they are purchasing is a revocable license to access the digital good. *See* Figure 4 below.





**Figure 4**

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

25.     The digital product's ephemeral nature is confirmed by Audible's terms of use agreement. The example in the Figures above included a copy of the audiobook *East of Eden* by John Steinbeck. Audible's Terms of Use confirms that "[w]hen you purchase content from Audible, you are purchasing a license that is subject to the rights and restrictions provided by Audible's License." [8] And whereas if consumer purchased a physical copy of the audiobook, he could lend it to someone else to listen to, with a digital copy of the audiobook, the consumer is " limited, non-exclusive, non-transferable, non-sublicensable license to access and make personal and non-commercial use" of the audiobook.[9]

26.     In other words, at no point prior to the purchase is the consumer ever put on notice, in plain language, that the audiobook he or she is buying is just a license that can be revoked at any time. Nor is the consumer ever required to provide an affirmative acknowledgment that he or she knows the limited property rights he or she is receiving with the purchase of the digital audiobook.

27.     There are many ways to comply with the law. For example, if a consumer purchases a digital video through Fandango, it provides "a clear and conspicuous statement that … [s]tates in plain language that 'buying' or 'purchasing' the digital good is a license." Cal. Bus. & Prof. Code § 17500.6(b)(1)(B). *See* Figure 5, next page.

---

[8] https://www.audible.com/legal/conditions-of-use
[9] https://www.audible.com/legal/license-agreement

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED - 11

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396





**Figure 5**

**CLASS ALLEGATIONS**

28.    **Class Definition**:  Plaintiffs seek to represent a class of similarly situated individuals defined as all persons in California who have purchased a digital audiobook from Audible.

29.    Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate, including through the use of multi-state subclasses.

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

30.     **Numerosity (Fed. R. Civ. P. 23(a)(1)):**  At this time, Plaintiffs do not know the exact number of members of the aforementioned Class.  However, given the popularity of Defendant's website, the number of persons within the Class is believed to be so numerous that joinder of all members is impractical.

31.     **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2), 23(b)(3)):**  There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual members of the Class include:

    (a) Whether Defendant used terms such as "buy" or "purchase" in connection with the sale of its digital audiobooks;

    (b) Whether Defendant received an affirmative acknowledgment from class members compliant with  Cal. Bus. & Prof. Code § 17500.6(b)(1)(A); and

    (c) Whether Defendant provided clear and conspicuous notice to class members with  Cal. Bus. & Prof. Code § 17500.6(b)(1)(B).

32.     **Typicality (Fed. R. Civ. P. 23(a)(3)):**  Plaintiffs' claims are typical of those of the Class because Plaintiffs, like all members of the Class, purchased digital audiobooks from Audible without an express warning that they were receiving a license.

33.     **Adequacy (Fed. R. Civ. P. 23(a)(4)):** Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation.  Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiffs are able to fairly and adequately represent and protect the interests of the Class.  Neither Plaintiffs nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class.  Plaintiffs have raised viable claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint to include additional representatives to represent the Class, additional claims as may be appropriate, or to amend the definition of the Class to address any steps that Defendant took.

34.     **Superiority (Fed. R. Civ. P. 23(b)(3)):**  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

the claims of all members of the Class is impracticable. Even if every member of the Class could afford to pursue individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiffs anticipate no difficulty in the management of this action as a class action.

## COUNT I
### Violations of the California Unfair Competition Law
### Bus. & Prof. Code §§ 17200 et seq.

35. Plaintiffs incorporate by reference all of the foregoing paragraphs.

36. Plaintiffs bring this claim individually and on behalf of the Class.

37. California Business and Professions Code § 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." California's Unfair Competition Law ("UCL"). The UCL allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Cal. Bus. & Prof. Code § 17204. Such a person may bring an action on behalf of herself or himself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

38. By committing the acts and practices alleged herein, Defendant has violated Cal. Bus. & Prof. Code §§ 17200–17210 by engaging in unlawful, unfair, and fraudulent conduct. Specifically, Defendant violated the UCL's proscription against engaging in **Unlawful Business Practices** by violating California Bus. & Prof. Code §§ 17500.6(b)(1).

39. California Business & Professional Code § 17500.6(b)(1) prohibits "a seller of a digital good to advertise or offer for sale a digital good to a purchaser with the terms "buy,"

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED - 14

1    "purchase," or any other term which a reasonable person would understand to confer an

2    unrestricted ownership interest in the digital good."

3         40.     Defendant is a seller of digital goods because it sells digital audiobooks on its

4    website.

5         41.     Defendant's digital audiobooks are digital goods under the statute. A "digital good"

6    is defined as including a "s a digital audiovisual work, digital audio work, digital book, digital

7    code, or digital application or game, whether electronically or digitally delivered or accessed." Cal.

8    Bus. & Prof. Code § 17500.6(a)(7). Defendant's digital audiobooks can be downloaded after

9    purchase.

10        42.     Defendant advertises and offers for sale its digital audiobooks in a manner that

11   implies an unrestricted ownership interest in the digital good. Defendant offers its digital

12   audiobooks for sale using the terms "Buy," and "Add to Cart," as depicted in Figures 1 through 4

13   of this Complaint. Plaintiff, and members of the Class, as a reasonable person viewing the website

14   in order to make a purchase, would understand that the digital good offered and advertised by

15   Defendant was being offered to consumers with an unrestricted ownership interest.

16        43.     California Business & Professional Code § 17500.6(b)(1) has two exceptions to this

17   general prohibition of offering digital goods for sale using the terms like "buy" or "purchase."

18   However, Defendant cannot fall into either of these exceptions. Defendant never received "an

19   affirmative acknowledgment from the purchaser indicating: (i) that the purchaser is receiving a

20   license to access the digital good; (ii) a complete list of restrictions and conditions of the license;

21   (iii) That access to the digital good may be unilaterally revoked by the seller if they no longer hold

22   a right to the digital good, if applicable." Cal. Bus. & Prof. Code § 17500.6(b)(1)(A). And

23   Defendant never provided "a clear and conspicuous statement that does both of the following: (i)

24   States in plain language that "buying" or "purchasing" the digital good is a license; (ii) includes a

25   hyperlink, QR code, or similar method to access the terms and conditions that provide full details

26   on the license." Cal. Bus. & Prof. Code § 17500.6(b)(1)(B).

27

28

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED - 15

44.     Defendant's acts and omissions as alleged herein violate obligations imposed by statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

45.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

46.     Defendant's acts, omissions, nondisclosures, and misleading statements as alleged herein were and are false, misleading, and/or likely to deceive the consuming public.

47.     Plaintiffs and the members of the Class have suffered an economic injury that flowed from Defendant's violation of the law. Defendant's acts caused Plaintiffs and Class members to overpay for audiobooks under the belief that they owned them outright.  Had Defendant properly disclosed the true nature of the limited property rights it was conveying, it could not charge as much as it did for them, and it would need to reduce its prices to compete with other competitors. There are many ways to comply with the statute, for example Steam, who did disclose the true nature of the limited property rights they convey when they sold games. Thus, Plaintiffs and members of the Class were damaged and have suffered economic injuries as a direct and proximate result of Defendant's unlawful and/or unfair business practices.

48.     Plaintiffs and the members of the Class have suffered a substantial injury in fact and lost money by virtue of Defendant's acts of unfair competition, which caused them to overpay for audiobooks under the belief that they owned them outright.   Had Plaintiffs and class members known they were only obtaining revocable licenses to audiobooks, they would have paid substantially less for those licenses.  Thus, Plaintiffs and members of the Class were damaged and have suffered economic injuries as a direct and proximate result of Defendant's unlawful and/or unfair business practices.

49.     Defendant's violations have continuing and adverse effects because Defendant's unlawful conduct is continuing, with no indication that Defendant intends to cease this unlawful

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

course of conduct.  The public and the Class are subject to ongoing harm because the unlawful and/or unfair business practices.

50.      Plaintiffs and the Class seek restitution pursuant to Cal. Bus. & Prof. Code § 17203 of all amounts that Defendant charged or caused to be charged to Plaintiffs' and the Class's accounts in connection with the audiobooks purchased, or at a minimum, the price premium they paid.  Defendant should be required to disgorge all the profits and gains they have reaped and restore such profits and gains to Plaintiffs and the Class, from whom they were unlawfully taken.

51.      Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs and members of the Class seek a court order enjoining Defendant from such future misconduct, and any other such orders that may be necessary to rectify the unlawful business practices of Defendant.

52.      Plaintiffs bring this action as private attorneys general and to vindicate and enforce an important right affecting the public interest.  Plaintiffs and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Proc. § 1021.5 for bringing this action.

53.      Plaintiffs have no adequate remedy at law for this claim.  There is no commensurate legal remedy for Plaintiffs' requested relief under this count.  Alternatively, legal remedies available to Plaintiffs are inadequate because they are not "equally prompt and certain and in other ways efficient" as equitable relief.  *American Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937); *see also U.S. v. Bluitt*, 815 F. Supp. 1314, 1317 (N.D. Cal. Oct. 6, 1992) ("the 'mere existence' of a possible legal remedy is not sufficient to warrant denial of equitable relief"); *Quist v. Empire Water Co.*, 2014 Cal. 646, 643 (1928) ("The mere fact that there may be a remedy at law does not oust the jurisdiction of a court of equity. To have this effect, the remedy must also be speedy, adequate, and efficacious to the end in view … It must reach the whole mischief and secure the whole right of the party in a perfect manner at the present time and not in the future"). Furthermore:

        a)  To the extent damages are available here, damages are not equally certain as restitution because the standard that governs ordering restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

1    determines that Plaintiffs fails to sufficiently adduce evidence to support an award

2    of damages.

3    b)  Damages and restitution are not necessarily the same amount. Unlike damages,

4    restitution is not limited to the amount of money defendant wrongfully acquired plus

5    the legal rate of interest. Equitable relief, including restitution, entitles the plaintiff

6    to recover all profits from the wrongdoing, even where the original funds taken have

7    grown far greater than the legal rate of interest would recognize. Plaintiffs seeks

8    such relief here.

9    c)  Legal claims for damages are not equally certain as restitution because claims under

10    the UCL and unjust enrichment entail few elements.

11    54.    Plaintiffs also lack an adequate remedy at law to prevent future harm.

### COUNT II
**Violations of California's False Advertising Law ("FAL"),
Cal. Bus. & Prof. Code §§ 17500, *et seq*.**

15    55.    Plaintiffs re-allege and incorporate by reference every allegation set forth in the

16    preceding paragraphs as though alleged in this Count.

17    56.    Plaintiffs bring this claim individually and on behalf of the members of the

18    proposed Class and Subclass against Defendant.

19    57.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*,

20    makes it "unlawful for any person to make or disseminate or cause to be made or disseminated

21    before the public in this state,  …in any advertising device … or in any other manner or means

22    whatever, including over the Internet, any statement, concerning … personal property or services,

23    professional or otherwise, or performance or disposition thereof, which is untrue or misleading and

24    which is known, or which by the exercise of reasonable care should be known, to be untrue or

25    misleading."

26    58.    Defendant committed acts of false advertising, as defined by § 17500, by

27    intentionally making and disseminating statements to consumers in California and the general

28    public concerning Defendant's digital audiobooks, as well as circumstances and facts connected to

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED - 18

such products, which are untrue and misleading on their face and by omission, and which are known (or which by the exercise of reasonable care should be known) by Defendant to be untrue or misleading.  Defendant has also intentionally made or disseminated such untrue or misleading statements and material omissions to consumers in California and to the public as part of a plan or scheme with intent not to sell those digital goods as advertised.

59.    Defendant's statements include but are not limited to representations and omissions that made consumers reasonably believe the digital audiobooks Defendant's offered on sale carried with them an unrestricted property interest. In particular, Defendant offers its digital audiobooks for sale using the terms "Buy," and "Add to Cart," as depicted in Figures 1 through 4 of this Complaint.

60.    Defendant's actions in violation of § 17500, as described herein, were false and misleading such that the general public is and was likely to be deceived.

61.    Plaintiffs and the members of the Class were deceived by Defendant's statements and omissions made online when they paid for their digital goods, and there is a strong probability that other California consumers and members of the public were also or are likely to be deceived as well.  Any reasonable consumer would be misled by Defendant's false and misleading statements and material omissions.  Plaintiffs and other members of the Class did not learn about the true limited nature of the property interests they received until after they had already paid for Defendant's digital goods.  They relied on Defendant's statements and omissions to their detriment.

62.    Plaintiffs and the Class lost money or property as a result of Defendant's FAL violations because they would not have purchased the digital goods on the same terms if the true facts were known about the product and the digital goods do not have the characteristics as promised by Defendant.

63.    Plaintiffs, individually and on behalf of all similarly situated California consumers, seeks individual, representative, and public injunctive relief and any other necessary orders or judgments that will prevent Defendant from continuing with its false and deceptive advertisements

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

and omissions; restitution that will restore the full amount of their money or property; disgorgement of Defendant's relevant profits and proceeds; and an award of costs and reasonable attorneys' fees.

64.    Plaintiffs also seek equitable relief, including restitution, with respect to their FAL claims. Pursuant to Federal Rule of Civil Procedure 8(e)(2), Plaintiffs make the following allegations in this paragraph as an alternative to any contrary allegations in their other causes of action, in the event that such causes of action will not succeed.  Plaintiffs and the California Subclass may be unable to obtain monetary, declaratory and/or injunctive relief directly under other causes of action and will lack an adequate remedy at law, if the Court requires them to show classwide reliance and materiality beyond the objective reasonable consumer standard applied under the FAL, because Plaintiffs may not be able to establish each California Subclass member's individualized understanding of Defendant's misleading representations as described in this Complaint, but the FAL does not require individualized proof of deception or injury by absent class members. *See, e.g., Ries v. Ariz. Bevs. USA LLC*, 287 F.R.D. 523, 537 (N.D. Cal. 2012) ("restitutionary relief under the UCL and FAL 'is available without individualized proof of deception, reliance, and injury.'").  In addition, Plaintiffs and the California Subclass may be unable to obtain such relief under other causes of action and will lack an adequate remedy at law, if Plaintiffs are unable to demonstrate the requisite *mens rea* (intent, reckless, and/or negligence), because the FAL imposes no such *mens rea* requirement and liability exists even if Defendant acted in good faith.  Restitution and/or injunctive relief may also be more certain, prompt, and efficient than other legal remedies requested herein.   The return of the full premium price, and an injunction requiring adequate disclosure ownership rights conveyed to consumers prior to the execution of purchase will ensure that Plaintiffs and the California Subclass Members are in the same place they would have been in had Defendant's wrongful conduct not occurred, *i.e.*, the position to make an informed decision about the purchase of the digital goods absent omissions and misrepresentations with the full purchase price at their disposal.

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

65.    Plaintiffs seek, on behalf of themselves and those similarly situated, an injunction to prohibit Defendant from continuing to engage in the false, misleading and deceptive advertising and marketing practices complained of herein. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to seek legal redress repeatedly and continuously in order to recover monies paid to Defendant to which they are not entitled. Plaintiffs, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

## COUNT III
### Violation of California Consumer Legal Remedies Act
### Cal. Civil Code § 1750 *et seq.*

66.    Plaintiffs re-allege and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

67.    Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

68.    At the time Plaintiffs and members of the Class and Subclasses purchased their audiobooks from Audible, Defendant did not fully disclose the limited property interest it was conveying in the audiobooks.

69.    This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

70.    Plaintiffs and members of the Class are consumers who purchased Defendant's digital audiovisual works.  Accordingly, Plaintiffs and members of the Class are "consumers," as the term is defined by Cal. Civ. Code § 1761(d).

71.    At all relevant times, Defendant's digital audiobooks constituted "goods," as that term is defined in Cal. Civ. Code § 1761(a).

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED - 21

72.     At all relevant times, Defendant was a "person," as that term is defined in Cal. Civ. Code § 1761(e).

73.     At all relevant times, Plaintiffs' purchases of Defendant's digital audiobooks and the purchases of other Class members, constituted "transactions," as that term is defined in Cal. Civ. Code § 1761(e).

74.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purposes of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

75.     The policies, acts, and practices described in this Complaint were intended to and did result in the sale of Defendant's Products to Plaintiffs and the Class.  Defendant's practices, acts, policies, and course of conduct violated the CLRA § 1750 *et seq.*, as described above.

76.     Defendant advertised goods with intent not to sell them as advertised in violation of California Civil Code § 1770(a)(9).

77.     Defendant also represented that a transaction conferred legal rights, remedies, or obligations that it does not have in violation of California Civil Code § 1770(a)(14).

78.     Plaintiffs and members of the Class suffered injuries caused by Defendant's misrepresentations because (a) Plaintiffs and members of the Class would not have purchased the digital audiovisual works on the same terms if they had known the true facts; (b) Plaintiffs and members of the Class paid a price premium for the audiobooks believing they owned them outright.

79.     Wherefore, Plaintiffs seek injunctive relief for this violation of the CLRA.

80.      On August 21, 2025, a CLRA demand letter was sent to Defendant's address via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. The letter expressly stated that it was sent on behalf of Plaintiffs and "all other persons similarly situated."

CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek a judgment against Defendant, on behalf of themselves and all others similarly situated, as follows:

(a)  For an order certifying the Classes pursuant Fed. R. Civ. P. 23, naming Plaintiffs as representatives of the Classes, and naming Plaintiffs' attorneys as Class Counsel to represent the Classes;

(b)  For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c)  For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d)  For an award of damages to the extent available;

(e)  For an award of restitution and disgorgement of profits in an amount to be determined at trial;

(f)  For punitive damages, as warranted, in an amount to be determined at trial;

(g)  For prejudgment interest on all amounts awarded; and

(h)  For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## **JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury on all claims so triable.

**CARSON NOEL PLLC**
20 Sixth Avenue NE
Issaquah, Washington 98027
Tel. (425) 395-7787 Fax (425) 837-5396

Dated:  August 28, 2025

By:   /s/ Wright A. Noel
                Wright A. Noel

Wright A. Noel
wright@carsonnoel.com
CARSON NOEL PLLC
20 Sixth Avenue NE
Issaquah, WA 98027
Tel:  425.837.4717
Fax: 425.837.5396

**BURSOR & FISHER, P.A**.

By:   /s/ Philip L. Fraietta
                Philip L. Fraietta

Philip L. Fraietta (State Bar No. 354768)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**

Stafan Bogdanovich (State Bar No. 324525)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Pro hac vice* admission to be sought.

*Attorneys for Plaintiff*